# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE, | Cause No. CV 10-00037-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| STATE OF MONTANA, et al., | |
| Defendants. | |

Pending are Plaintiff Michael P. Dunsmore's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2).

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00037-H-DWM-RKS / PAGE 1

This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Dunsmore's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Dunsmore submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1) Mr. Dunsmore is required to pay the statutory filing fee of $350.00.  Mr. Dunsmore has insufficient funds to pay the initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income

---

[1]Pursuant to Standing Order No. DWM-27, "no prisoner may maintain more than two (2) civil actions *in forma pauperis* at one time, unless the prisoner shows that he or she is under imminent danger of serious physical injury."  Plaintiff has two other civil actions currently pending in which he is proceeding *in forma pauperis*.  (See Civil Action Nos. CV-10-0004-H-DWM-RKS and CV-10-00031-H-DWM-RKS).  Given that Civil Action 10-00031-H-DWM-RKS has been recommended for dismissal and this action will also be recommended for dismissal, the Court will not invoke Standing Order No. DWM-27.

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00037-H-DWM-RKS / PAGE 2

credited to his institutional account.  By separate order, the agency

having custody of  Mr. Dunsmore will be directed to forward payments

from Mr. Dunsmore's account to the Clerk of Court each time the

amount in the account exceeds $10.00, until the filing fee is paid in full.

28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF CASE

### A.    Parties

Mr. Dunsmore is a state prisoner incarcerated at Montana State

Prison in Deer Lodge, Montana.

Mr. Dunsmore names the State of Montana, Ted O. Lympus,

Katrin Curtis, Lori Adams, Ed Falla, Steve Bullock, and Does 1-XXX as

needed.

### B.    Allegations

Mr. Dunsmore describes his complaint as a breach of plea

contract agreement.  He complains that although he entered into a plea

agreement wherein he plead guilty to failing to register in exchange for

a deferred sentence on some incest charges, the state district court has

not dismissed the incest charge.  Mr. Dunsmore also raises allegations

regarding his guilty plea to the failure to register charge.

Mr. Dunsmore seeks release from prison and millions of dollars from Defendants.

## III.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

As Mr. Dunsmore is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal

quotation marks omitted).  This "plausibility standard" is guided by

"[t]wo working principles." *Iqbal*, 129 S.Ct. at 1949.  First, although "a

court must accept as true all of the allegations contained in a

complaint," that "tenet" "is inapplicable to legal conclusions" and

"[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

"Second, only a complaint that states a plausible claim for relief

survives" and "[d]etermining whether a complaint states a plausible

claim for relief will, . . . , be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 129 S.Ct. at 1950.

    "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers'." *Erickson v.

Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings

shall be so construed as to do substantial justice").

    Although the statute requires a dismissal for the reasons stated,

it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Analysis

Mr. Dunsmore's claims fail as a matter of law. First, he seeks monetary relief from defendants who are immune from such relief.

Judges Lympus and Curtis are entitled to judicial immunity for all actions arising from their judicial activities regarding Mr. Dunsmore's criminal proceedings. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless those actions are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Mr. Dunsmore is correct that judicial immunity does not bar claims for injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522 (1970). But in this case the only injunctive relief Mr. Dunsmore seeks is

release from prison which as set forth below he cannot accomplish in a § 1983 case. As such, judicial immunity bars Mr. Dunsmore from proceeding against Judges Lympus and Curtis in this action. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Similarly, Lori Adams and Steve Bullock are entitled to prosecutorial immunity regarding their actions in prosecuting Mr. Dunsmore. Prosecutors are absolutely immune from suit for actions taken by them in performing the traditional functions of a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

While Mr. Falla is not entitled to immunity, he is not a proper defendant in a § 1983 action since he is not a state actor. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Ninth Circuit Court of Appeals has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312 (1981), public defenders are not state actors

within the meaning of § 1983 when performing traditional lawyer

duties. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en

banc). Even if Mr. Dunsmore could prove ineffective assistance of

counsel, he cannot state a § 1983 claim for damages against his

criminal defense lawyer because there would be no state action. *See*

*also Cox v. Hellerstein,* 685 F.2d 1098, 1098-99 (9th Cir. 1982)

(dismissing a suit against a federal public defender for lack of subject

matter jurisdiction).

Aside from the failure to name a proper defendant, there are fatal

defects in Mr. Dunsmore's claims. To the extent he is complaining

about the dismissal of the incest charges, his claim has been addressed

by this Court in his recent habeas case. (Civil Action No. 10-CV-36-H-

DWM-RKS). There, Mr. Dunsmore complained the incest charge was

not dismissed with prejudice. As set forth in the Court's ruling in the

habeas action, the incest charge was dismissed on June 19, 2007. (Civil

Action No. 09-CV-41-M-DWM, Court Doc. 1–Voluminous

Exhibits–Order of Dismissal in Case No. DC-06-401(B)). The Court

found in the habeas case, as it finds here, that this claim is frivolous.

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT–CV-10-00037-H-DWM-RKS / PAGE 8

To the extent Mr. Dunsmore is complaining about his plea to the failure to register charge and is requesting release from prison, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

Mr. Dunsmore attempted to challenge his conviction for failing to register by filing a petition for writ of habeas corpus in this Court. (Civil Action No. 09-CV-41-M-DWM). That petition was denied and the case is now on appeal to the Ninth Circuit Court of Appeals.[2]

Mr. Dunsmore's conviction for failure to register has not been

---

[2]A court may take judicial notice of its own as well as other courts' records. *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988).

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00037-H-DWM-RKS / PAGE 9

reversed, declared invalid, expunged, or called into question.  Thus, he cannot state a claim regarding that conviction.

## IV.  CONCLUSION

### A.    Leave to Amend

Mr. Dunsmore has failed to state a claim upon which relief may be granted.  These are not defects which could be cured by the allegation of additional facts.  As such, Mr. Dunsmore's Complaint should be dismissed.

### B.    "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Mr. Dunsmore fails to state a claim upon which relief may be granted.

### C.    Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT–CV-10-00037-H-DWM-RKS / PAGE 10

> [A] party who was permitted to proceed in forma pauperis in
> the district-court action, or who was determined to be
> financially unable to obtain an adequate defense in a
> criminal case, may proceed on appeal in forma pauperis
> without further authorization, unless:
>> (A) the district court-before or after the notice of
>> appeal is filed-certifies that the appeal is not taken in
>> good faith or finds that the party is not otherwise
>> entitled to proceed in forma pauperis and states in
>> writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it

is not taken in good faith."  The good faith standard is an objective one.

*See* *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff

satisfies the "good faith" requirement if he or she seeks review of any

issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th

Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section

1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

*Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225

(9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court

need only find that a reasonable person could suppose that the appeal

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT–CV-10-00037-H-DWM-RKS / PAGE 11

has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Dunsmore's failure to state a federal claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of this action, Mr. Dunsmore SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Dunsmore has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Dunsmore's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is **GRANTED.**  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on July 8, 2010.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Dunsmore's Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Dunsmore failed to state a claim upon which relief

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00037-H-DWM-RKS / PAGE 13

may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Mr. Dunsmore's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Dunsmore may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and

may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of July, 2010.


 */s/ Keith Strong*
Keith Strong
United States Magistrate Judge