

FILED
SEP 0 7 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL P. DUNSMORE, | ) | CV 10-37-M-DWM-RKS |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| STATE OF MONTANA, et al. | ) | |
| Defendants. | ) | |

Plaintiff Michael P. Dunsmore, proceeding pro se, brought this action under 42 U.S.C. § 1983 alleging Defendants breached a plea contract agreement with him. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendation on July 16, 2010, recommending that Dunsmore's complaint be dismissed for failure to state a claim upon which relief may be granted. Dunsmore timely objected to the Findings and

1

Recommendation on August 2, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Because I agree with Judge Strong's analysis and conclusions, I adopt his Findings and Recommendations in full. The parties are familiar with the factual and procedural background of this case, so it will not be restated here.

Dunsmore claims he entered into a plea agreement that required the dismissal of some incest charges against him. Judge Strong recommended denying the claim as a matter of law for an assortment of reasons. First, Judge Strong found the Defendants are immune from the relief sought. He then found the claim is frivolous because the incest charge was dismissed on June 19, 2007. See 09-CV-41-M-DWM; 10-CV-36-H-DWM-RKS. Finally, Judge Strong concluded Dunsmore's claim is Heck barred because he is seeking to recover damages for Defendants' actions involving his conviction for failure to register, but that conviction has not been reversed, declared invalid, expunged, or otherwise called into question. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Dunsmores fires off two objections to Judge Strong's findings. First, Dunsmore argues Judge Strong acknowledges that his incest charge has not been dismissed, and thus the claim is not frivolous. This is not the case. Judge Strong stated that "[Dunsmore] complains . . . the state district court has not dismissed the

2

incest charge." Findings and Recommendations 3. This is merely an acknowledgment of Dunsmore's allegation. Judge Strong found the claim was in fact dismissed. Id. at 8. I agree with that finding.

Next, Dunsmore objects to Judge Strong's finding that the judges named as defendants in this action are protected by judicial immunity. The Court disagrees with the substance of Dunsmore's objection, but it is unnecessary to address its merits. Judge Strong also found Dunsmore's claim to fail because it is frivolous and Heck barred. I see no clear error with those findings. As such, whether judicial immunity exists in this case is irrelevant because the claim still fails as a matter of law.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt # 4) are adopted in full. In accordance with those recommendations, IT IS ORDERED:

1. Dunsmore's Complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Dunsmore failed to state a claim upon which relief may be granted.

4. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 7th day of September, 2010.

Donald W. Molloy, District Judge
United States District Court